Case 7:21-cv-00418   Document 14   Filed on 01/07/22 in TXSD   Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
January 07, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| DOCTORS HOSPITAL AT RENAISSANCE, LTD., § § § | |
| Plaintiff, § § | |
| VS. § § § | CIVIL ACTION NO. 7:21-cv-00418 |
| EMPLOYERS INSURANCE COMPANY OF WAUSAU; CHRISTOPHER ALVAREZ; GSM INSURORS; and JIM HANSEN, § § § § § § | |
| Defendants. § | |

## OPINION AND ORDER

The Court now considers "Plaintiff Doctors Hospital at Renaissance, Ltd.'s Opposed Motion to Remand"[1] and Defendants Employers Insurance Company of Wausau's and Christopher Alvarez's (Defendants') response.[2] The Court acknowledges Defendants' earlier-filed motion to dismiss,[3] but the Court must first address its jurisdiction before adjudicating a motion on the merits. The Court adds that, as a threshold matter, Defendants' brief lacks numbered paragraphs entirely, hindering the Court's reference to Defendants' arguments. The Court cautions Defendants that future submissions should consistently number each paragraph to properly comply with the Federal Rules of Civil Procedure.[4] After considering Plaintiff's motion to remand, the record, and relevant authorities, the Court **GRANTS** Plaintiff's motion and remands this case.

---

[1] Dkt. No. 8.
[2] Dkt. No. 13.
[3] Dkt. No. 3.
[4] FED. R. CIV. P. 7(b)(2) ("The rules governing captions and other matters of form in pleadings apply to motions and other papers."); FED. R. CIV. P. 10(b) (emphasis added) ("A party must state its claims or defenses *in numbered paragraphs*, each limited as far as practicable to a single set of circumstances.").

## I. BACKGROUND AND PROCEDURAL HISTORY

This is an insurance dispute. Plaintiff Doctors Hospital at Renaissance, Ltd. commenced this case in the 139th District Court of Hidalgo County, Texas on September 24, 2021.[5] Plaintiff alleges essentially that it procured an insurance policy, through Defendants GSM Insurors and its agent Jim Hansen, effective May 2019 to May 2020 that Defendants represented would cover all risks including "coverage for loss of business income (Time Element losses), civil authority, decontamination, [and] payroll losses."[6] Plaintiff alleges that COVID-19-related losses are covered under its insurance policy.[7] In April 2020, Plaintiff submitted a claim for insurance coverage.[8] In October 2020, after an investigation, Defendants Employers Insurance Company of Wausau and its adjuster Christopher Alvarez denied insurance coverage.[9] Plaintiff alleges violation of the Texas Insurance Code, negligence, violation of the Texas Deceptive Trade Practices-Consumer Protection Act, fraud, conspiracy to commit fraud, breach of contract, and breach of the covenant of good faith and fair dealing.[10]

Plaintiff's process server served Defendant Employers Insurance Company of Wausau on October 5, 2021,[11] and Defendant Christopher Alvarez on October 12, 2021.[12] Those two Defendants alone removed the case to this Court on November 1st.[13] Defendants promptly filed a

---

[5] Dkt. No. 1-2 at 3.
[6] *Id.* at 6, ¶¶ 15–18.
[7] *Id.* at 11–12, ¶¶ 32–34.
[8] *Id.* at 16, ¶ 43.
[9] *Id.* at 18, ¶ 47.
[10] *Id.* at 25–, ¶¶ 76–.
[11] Dkt. No. 1-1 at 4.
[12] *Id.* at 11.
[13] Dkt. No. 1; *see Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) ("[A]s a general rule, removal requires the consent of all co-defendants. In cases involving alleged improper or fraudulent joinder of parties, however, application of this requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists.").

motion to dismiss on November 8th.[14] On the response deadline to that motion, Plaintiff filed the instant motion to remand.[15] The motion has been briefed and is ripe for consideration. The Court turns to the analysis.

## II. Discussion

### a. Legal Standard

District courts have limited jurisdiction and the authority to remove an action from state to federal court is solely conferred by the Constitution or by statute.[16] "Removal [to federal court] is proper only if that court would have had original jurisdiction over the claim."[17] While the Court has jurisdiction to determine its jurisdiction,[18] it cannot exercise any "judicial action" other than dismissal when the Court lacks jurisdiction.[19] It is a "long-standing canon of statutory interpretation that removal statutes are to be construed strictly against removal and for remand"[20] so the Court will resolve all legal and factual issues, doubts, and ambiguities in favor of remand,[21] because the exercise of jurisdiction over a removed case "deprives a state court of a case properly before it and thereby implicates important federalism concerns."[22]

---

[14] Dkt. No. 3.
[15] Dkt. No. 8.
[16] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).
[17] *Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 323 (5th Cir. 2001); *accord Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010)
[18] *United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("[I]t is familiar law that a federal court always has jurisdiction to determine its own jurisdiction.").
[19] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).
[20] *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (quotation omitted).
[21] *Lorenz v. Tex. Workforce Comm'n*, 211 F. App'x 242, 245 (5th Cir. 2006) (citing *Guillory v. PPG Indus.*, 434 F.3d 303, 308 (5th Cir. 2005)); *see also Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (alterations in original) (quoting *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)) ("[T]he district court is 'obliged to resolve any contested issues of material fact, and any ambiguity or uncertainty in the controlling state law, in [the plaintiff's] favor.'").
[22] *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548–49 (5th Cir. 1981) ("Where a federal court proceeds in a matter without first establishing that the dispute is within the province of controversies assigned to it by the Constitution and statute, the federal tribunal poaches upon the territory of a coordinate judicial system, and its decisions, opinions, and orders are of no effect. . . . Thus, the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits.").

If the removing party claims federal diversity jurisdiction under 28 U.S.C. § 1332, the removing party must demonstrate complete diversity: that each defendant is a citizen of a different state from each plaintiff[23] and the amount in controversy exceeds $75,000.[24] Accordingly, "[w]hen original federal jurisdiction is based on diversity . . . a defendant may remove only 'if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'"[25] Citizenship, domicile, and residency are frequently conflated terms; for diversity jurisdiction purposes, a person is a citizen of the state where that person resides and has an intention to remain or make his or her home, and a business entity is typically a citizen of the state both where it is incorporated and where it has its principal place of business.[26] "The removing party, the party seeking the federal forum, bears the burden of showing that federal jurisdiction exists and that removal was proper,"[27] and must overcome this Court's presumption that cases lie outside its narrow jurisdiction.[28] "Each factual issue necessary to support subject matter jurisdiction 'must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.'"[29]

If each defendant is not a citizen of a different state from each plaintiff, a party—usually a removing defendant—may claim that the plaintiff improperly or fraudulently joined parties to

---

[23] *Corfield v. Dall. Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003); *see McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (quotation omitted) ("[A]ll persons on one side of the controversy [must] be citizens of different states than all persons on the other side.").
[24] *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citing 28 U.S.C. § 1332(a)(1)).
[25] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting 28 U.S.C. § 1441(b)).
[26] *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006); *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313–14 (5th Cir. 2019); *Acridge v. Evangelical Lutheran Good Samaritan Soc'y*, 334 F.3d 444, 451 (5th Cir. 2003).
[27] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *accord McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).
[28] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).
[29] *Sharkey v. Quarantillo*, 541 F.3d 75, 83 (2d Cir. 2008) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)), *quoted in MidCap Media Fin.*, 929 F.3d at 315 n.*.

defeat federal diversity jurisdiction. The citizenship of an improperly joined party is then disregarded in determining the Court's jurisdiction.[30] The doctrine of improper joinder ensures "that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity."[31] There is a heavy burden upon the party claiming improper or fraudulent joinder.[32] The Fifth Circuit has "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"[33] The Court determines "whether [the plaintiff] has *any possibility of recovery* against the party whose joinder is questioned. If there is arguably a *reasonable basis* for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This *possibility, however, must be reasonable,* not merely theoretical."[34]

To test this reasonable basis for recovery, the Court may resolve the issue with a two-step analysis. First, "[t]he court may conduct a [Federal Rule of Civil Procedure] 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[35] The Court uses federal pleading standards in assessing the state court complaint.[36] A Rule 12(b)(6) analysis "leaves intact the well-pleaded complaint doctrine with all its intended reach,"[37] so the analysis accepts all well-pled facts in the complaint as true and interprets those facts in the light most favorable to the plaintiff, then

---

[30] *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc) (quoting 28 U.S.C. § 1441(b)).
[31] *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).
[32] *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003) (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)).
[33] *Smallwood*, 385 F.3d at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)).
[34] *Travis*, 326 F.3d at 648 (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).
[35] *Smallwood*, 385 F.3d at 573.
[36] *Int'l Energy Ventures Mgmt. v. United Energy Grp.*, 818 F.3d 193, 200 (5th Cir. 2016).
[37] *Smallwood*, 385 F.3d at 576.

asks whether the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face."[38] The Court does not make credibility determinations or discount the complaint's factual allegations.[39] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[40] If a complaint can survive a Rule 12(b)(6) analysis, there is no improper joinder as to that party.[41] "[T]he existence of even a single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court."[42] But if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant," the party was improperly joined.[43] The focus of the inquiry on a motion to remand must "must be on the joinder, not the merits of the plaintiff's case."[44]

In instances in which the propriety of joinder is still questionable after the Rule 12(b)(6)-like analysis, or if the plaintiff has misstated or omitted facts that would determine the propriety of joinder, the Court may in its discretion pierce the pleadings and conduct a "summary inquiry" to consider "summary judgment-type evidence such as affidavits and deposition testimony" but will not pretry factual issues.[45]

---

[38] *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[39] *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).
[40] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[41] *Int'l Energy Ventures Mgmt.*, 818 F.3d at 200.
[42] *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).
[43] *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005) (quoting *Smallwood*, 385 F.3d at 573).
[44] *Int'l Energy Ventures Mgmt.*, 818 F.3d at 209–10 (quoting *Smallwood*, 385 F.3d at 573); *see Smallwood*, 385 F.3d at 576 (emphasis added) ("When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the *joinder* was improper. Indeed, until the removing party does so, the court does not have the authority to do more; it lacks the jurisdiction to dismiss the case on its merits. It must remand to the state court.").
[45] *Hart v. Bayer Corp.,* 199 F.3d 239, 246–47 (5th Cir. 2000); *McDonal*, 408 F.3d at 183 n.6.

### b. Analysis

#### 1. *Ripeness*

In its original petition in state court (the live complaint in this case), Plaintiff alleges that the non-diverse Texas Defendants GSM Insurors and its insurance agent Jim Hansen are liable to Plaintiff under various causes of action for misrepresenting what insurance coverage they were seeking to provide to Plaintiff and for misrepresenting the extent of the insurance coverage they actually obtained.[46] Defendants, in their notice of removal, claim that the in-state Defendants are improperly joined as Plaintiff fails to state a claim against each,[47] and because Plaintiff's claims, if any, are not ripe.[48] The Court first addresses the ripeness issue.

In support of remand, Plaintiff argues that its claims against in-state Defendants GSM Insurors and Jim Hansen are ripe because Defendant Employers Insurance Company of Wausau has denied coverage and thus joinder of the in-state Defendants is proper.[49] Defendants respond that Plaintiff has not yet suffered any injury—i.e., only if it is ultimately determined that no coverage exists will Plaintiff suffer injury, thus Plaintiff's claims are not yet ripe.[50] The parties argue about whether this Court should follow the holding of the Western District of Texas in *Terry Black's Barbecue, LLC v. State Automobile Mututal Insurance Co.*[51]

First, the Court reminds the parties that no district court case is controlling.[52] Instead, the Court begins with the Fifth Circuit's standards for adjudicating whether claims are ripe:

---

[46] *See* Dkt. No. 1-2 at 6, ¶¶ 16–18.
[47] *See* Dkt. No. 1 at 8, ¶¶ 22–23.
[48] *Id*. at 16, ¶¶ 37–38.
[49] Dkt. No. 8 at 14–15, ¶¶ 38–39.
[50] Dkt. No. 13 at 30, § C.
[51] No. 1:20-CV-665-RP, 2020 WL 6537230 (W.D. Tex. Nov. 5, 2020).
[52] *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (quoting 18 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE – CIVIL § 134.02[1][d] (3d ed. 2011)) ("A decision of a federal district court judge is not binding

> A court should dismiss a case for lack of ripeness when the case is abstract or hypothetical. The key considerations are the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration. A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required. However, even where an issue presents purely legal questions, the plaintiff must show some hardship in order to establish ripeness.[53]

Nevertheless, the Court addresses the holding of *Terry Black's Barbecue*, upon which Defendants rely to argue in favor of federal jurisdiction, to illuminate the controlling determination. In *Terry Black's Barbecue*, the restaurant plaintiff sued its insurer for denying coverage in light of the plaintiff's business losses occasioned by the COVID-19 pandemic.[54] The parties, like the parties here, disputed whether the case was properly in federal court because the plaintiff also sued its in-state broker for misrepresentations.[55] The court in *Terry Black's Barbecue* relies on other federal district court cases, in Texas and throughout the nation, holding that in-state insurance agents' liability for misrepresenting coverage is dependent on whether the insured is *actually* not covered by the insurance policy. In other words, some courts hold that an insurance agent cannot be liable for a misrepresentation about coverage until a court ascertains that insurance coverage does not exist for a loss the insured believed would be covered based on the agent's representation.[56] *Terry Black's Barbecue* goes on to conclude that the plaintiff's negligence claims against the in-state insurance broker were not ripe because coverage had not been judicially ascertained, and therefore the plaintiff's claims were not a reasonable basis for liability, so the in-state insurance broker was improperly joined and remand was denied.[57]

---

precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.").
[53] *Choice Inc. of Texas v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012) (cleaned up).
[54] *Terry Black's Barbecue, LLC v. State Auto. Mut. Ins. Co.*, No. 1:20-CV-665-RP, 2020 WL 6537230, at *1 (W.D. Tex. Nov. 5, 2020).
[55] *Id*.
[56] *Id*. at *4 (citing *Monroe Guar. Ins. Co. v. Newtex Realty, LP*, No. 3:18-CV-00256-L (BT), 2019 WL 1261138, at *2 (N.D. Tex. Mar. 4, 2019) (collecting cases)).
[57] *Id*. at *5.

On the other hand, some district courts have held that claims against insurance brokers that are contingent or alternative are nevertheless ripe.[58] These courts hold that claims that are contingent or alternative are distinct from claims that are hypothetical or speculative. One such case pointed out that a potential beneficiary of a life insurance policy, "has standing to pursue a breach of contract under Texas law upon the policyholder's death" even though policy benefits are not yet judicially ascertained.[59]

This Court finds the latter line of cases more persuasive. One case distinguished *Terry Black's Barbecue* on the ground that it cited a case applying Florida insurance law.[60] Indeed, *Terry Black's Barbecue* relied heavily on a Southern District of Florida case.[61] That Southern District of Florida case in turn relied on another case from the same court.[62] Importantly, that last precedent held that, *under Florida law*, "claims against an insurance agent for failing to procure coverage do not accrue until the underlying action between the insured and the insurance company regarding coverage has been resolved."[63] In contrast, the Texas Supreme Court has resolved the issue differently:

> [W]e are asked to decide whether, in a suit by an insured against its agent for negligent breach of the agent's duty to obtain insurance, the injury-producing event was the denial of coverage by the insurance company, or the final resolution of the coverage dispute by the courts. We hold that [the plaintiff] sustained injury when coverage was denied and, therefore, limitations commenced on that date because all facts required for a cause of action existed at that time.[64]

---

[58] *See Nova Cas. Co. v. Guzman*, No. 3:20-CV-3440-B, 2021 WL 2014898, at *5 (N.D. Tex. May 20, 2021) (citing *C.C. Forbes, LLC v. Axis Surplus Ins. Co.*, No. 2:16-cv-94, 2016 WL 10706290, at *2 (S.D. Tex. May 31, 2016) (Ramos, J.) & *United of Omaha Life Ins. Co. v. Womack-Rodriguez*, 461 F. Supp. 3d 455, 468–69 (W.D. Tex. 2020)).
[59] *United of Omaha Life Ins. Co.*, 461 F. Supp. 3d at 468 (citing *Prudential Ins. Co. v. Durante*, 443 S.W.3d 499, 509 (Tex. App.—El Paso 2014, pet. denied)).
[60] *SOME, Inc. v. Hanover Ins. Co.*, No. CV 21-493 (BAH), 2021 WL 2935893, at *6 (D.D.C. July 13, 2021).
[61] *Terry Black's Barbecue*, 2020 WL 6537230, at *4 (citing *JWC Hamptons, Inc. v. Empire Indem. Ins. Co.*, No. 0:19-CV-62232, 2020 WL 37571, at *3 (S.D. Fla. Jan. 3, 2020)).
[62] *JWC Hamptons, Inc.*, 2020 WL 37571, at *3 (citing *Witkin Design Grp. v. Travelers Prop. Cas. Co. of Am.*, No. 16-20484-CIV-MORENO, 2016 WL 1572964, at *2 (S.D. Fla. Apr. 18, 2016)).
[63] *Witkin Design Grp.*, 2016 WL 1572964, at *2 (citing *Blumberg v. USAA Cas. Ins. Co.*, 790 So. 2d 1061, 1065 (Fla. 2001)).
[64] *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex. 1998).

Accordingly, to hold that Plaintiff's claims against the in-state Defendants are unripe or speculative at this time would contravene Texas state law. This is particularly important because, in this diversity case, the Court would apply Texas's substantive state law.[65] Furthermore, "[a] case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required."[66] Here, Defendants concede that Plaintiff's claims against the in-state Defendants will "come to fruition" if the *legal question* of whether Plaintiff establishes its right to coverage is answered favorably to Plaintiff.[67] A judicial opinion ascertaining coverage is hardly the "further factual development" contemplated by the Fifth Circuit to cause a claim to ripen; Plaintiff's claims against the in-state Defendants are presently ripe precisely because they are "purely legal" questions. In summary, Defendant has improperly conflated a *ripe* claim with a *contingent* one. Plaintiff's claims are not subject to dismissal for unripeness.

  2. Merits

Defendants also argue that none of Plaintiff's claims against in-state Defendants GSM Insurors and Jim Hansen state a claim.[68] Defendants must fulfill a tall order to substantiate that *none* of Plaintiff's numerous claims even *possibly* state a claim against any in-state Defendant.[69] The Court will therefore first look to Plaintiff's simplest cause of action, negligence, to ascertain if Plaintiff states any claim against Defendants GSM, Hansen, or both.

"To prevail on a common law negligence claim, a plaintiff must be able to prove three elements: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damage

---

[65] *See W.R. Grace & Co. v. Cont'l Cas. Co.*, 896 F.2d 865, 873 (5th Cir. 1990).
[66] *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 833 F.2d 583, 587 (5th Cir. 1987) (citing *Thomas v. Union Carbide Agr. Prod. Co.*, 473 U.S. 568, 581 (1985)).
[67] Dkt. No. 1 at 17, ¶ 39.
[68] *Id.* at 9, ¶ b; *accord* Dkt. No. 13 at 2.
[69] *See supra* note 34.

proximately caused by the breach."[70] "To establish a common-law negligence claim against an insurance agent for breaching these duties, a plaintiff must be able to show that he requested a specific type of insurance that the agent did not provide in accordance with the plaintiff's expectations or that the plaintiff was wrongly led to believe that his policy provided protection against a particular risk that it did not."[71] In its original petition, Plaintiff alleges that it sought, through brokers GSM and Hansen, an insurance policy with coverage for, among other things, "loss of business income," including loss of business income resulting from "the necessary suspension of business operations at the Property caused by a government order, civil authority and other risks," and Plaintiff believed that its insurance policy provided coverage for those risks and losses.[72] Plaintiff further alleges that Defendants GSM and Hansen "misrepresented to Plaintiff that they had secured coverage that would have protected Plaintiff against losses such as that sustained by COVID-19 along with the appropriate coverage for business interruption, civil authority, decontamination, and payroll losses."[73] Plaintiff alleges that, as a consequence of Defendants GSM's and Hansen's misrepresentations about coverage, Plaintiff relied on Defendants to its detriment and has suffered business interruption losses that are potentially not covered by Plaintiff's insurance policy.[74]

In the face of these allegations that appear to establish a plausible, or at least possible, negligence cause of action against the in-state Defendants, Defendants argue that Plaintiff

---

[70] *Gann v. Anheuser-Busch, Inc.*, 394 S.W.3d 83, 88 (Tex. App.—El Paso 2012, no pet.) (citing *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004)).
[71] *Harding v. Higginbotham Ins. Agency, Inc.*, No. 5:17-CV-188-C, 2017 WL 11510643, at *2 (N.D. Tex. Dec. 11, 2017) (citing *May v. United Servs. Ass'n of Am.*, 844 S.W.2d 666, 669–70 (Tex. 1992) & *Moore v. Whitney-Vaky Ins. Agency*, 966 S.W.2d 690, 692 (Tex. App.—San Antonio 1998, no pet.)).
[72] Dkt. No. 1-2 at 6–7, ¶¶ 16–18.
[73] *Id.* at 21, ¶ 57.
[74] *Id.* at 26–27, ¶ 81.

nevertheless fails to state a claim. Defendants again point to a Western District of Texas case.[75] In *Vizza Wash, LP v. Nationwide Mutual Insurance Co.*, the court held that the plaintiff failed to state any negligence claim against the insurance brokers because the plaintiff there failed to point to any *specific* request for coverage or specific misrepresentation by the broker about coverage.[76] However, Plaintiff points to another decision by the same court.[77] In *POB, LP v. AMCO Insurance Co.*, like the case here, the plaintiff alleged that an in-state insurance agent "sold a commercial 'all risk' policy, 'promising to indemnify Plaintiff for losses resulting from occurrences, including the necessary suspension of business operations at the insured location caused by a government order, civil authority and other risks.'"[78] The Western District of Texas found this allegation to constitute a specific misrepresentation and held that the plaintiff did have a possibility of recovery against the in-state agent such that remand was necessitated.[79] Defendants argue that this Court should find *Vizza Wash* more persuasive than *POB* because, Defendant argues, Plaintiff "makes no allegations that it requested a 'specific type of insurance' from GSM and Hansen that they did not provide."[80] But on the contrary, as Plaintiff points out, Plaintiff alleges that Defendants GSM and Hansen misrepresented that the insurance policy would provide coverage for "loss of business income, civil authority, . . . [and] payroll losses" and Plaintiff believed it was purchasing a commercial insurance policy that would provide coverage for "the necessary suspension of business operations at the Property caused by a government order, civil authority and other

---

[75] Dkt. No. 13 at 24–25, § iii (citing *Vizza Wash, LP v. Nationwide Mut. Ins. Co.*, 496 F. Supp. 3d 1029 (W.D. Tex. 2020)).
[76] *Vizza Wash, LP*, 496 F. Supp. 3d at 1035–36.
[77] Dkt. No. 8 at 12, ¶ 33 (citing *POB, LP v. AMCO Ins. Co.*, SA-20-CV-00836-XR, 2020 WL 8455502, at *1 (W.D. Tex. Sept. 10, 2020)).
[78] *POB, LP*, 2020 WL 8455502, at *2.
[79] *Id.* at *3.
[80] Dkt. No. 13 at 28.

risks."[81] Contrary to Defendants' assertions,[82] Plaintiff does not allege that it sought blanket coverage for all possible losses or COVID-related losses; rather, Plaintiff specifically alleges that the in-state Defendants wrongly led Plaintiff to believe that the relevant insurance policy would provide coverage for losses occasioned by a government or civil authority order. Plaintiff makes specific allegations.

### III. CONCLUSION AND HOLDING

For the foregoing reasons, the Court holds that Plaintiff does allege a ripe claim and reasonable basis to predict that state law will impose liability against the in-state Defendants GSM Insurors and Jim Hansen for at least Plaintiff's negligence claim. The Court holds that Defendants GSM and Hansen were not improperly joined. Accordingly, the Court **GRANTS** Plaintiff's motion to remand[83] and **REMANDS** this case to the 139th District Court of Hidalgo County, Texas. This case is terminated in federal court and the Clerk of the Court is instructed to close this case.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 7th day of January 2022.

Micaela Alvarez
United States District Judge

---

[81] Dkt. No. 8 at 12, ¶ 32 (citing Dkt. No. 1-2 at 6–7, ¶¶ 17–18).
[82] *See* Dkt. No. 13 at 28–29.
[83] Dkt. No. 8.